IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALICIA HILL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. NO. 1:23-cv-1272 |
| | § | |
| | § | |
| APPLIED MATERIALS, INC. and | § | |
| UNIVERSAL LOGISTICS | § | |
| OF VIRGINIA LLC D/B/A ESTES, | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff ALICIA HILL ("Plaintiff") complains of APPLIED MATERIALS, INC. (Applied Materials) and UNIVERSAL LOGISTICS OF VIRGINIA LLC D/B/A ESTES (Estes) and for her cause of action would show the Court as follows:

### I.

### INTRODUCTION

1. This action seeks damages, attorneys' fees, expert fees, taxable costs of the court, pre- judgment and post-judgment interest as a result of civilly wrongful conduct in violation of the laws of the United States, including Title VII of the Civil Rights Act of 1964, as amended.

### II.

### PARTIES

2. Plaintiff ALICIA HILL is a resident of Williamson County, Texas.

3. Defendant APPLIED MATERIALS, INC. is an entity which may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.

4. Defendant UNIVERSAL LOGISTICS OF VIRGINIA LLC D/B/A ESTES is an entity which may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218 USA.

5. Defendants are liable to Plaintiff as her employer, her joint employer, and because they are a single integrated business enterprise, all under the "hybrid economic realities/common law control test." *See Burton v. Freescale Semiconductor, Inc.*, 798 F.3d 222, 227 (5th Cir. 2015) (*citing Deal v. State Farm Cnty. Mut. Ins. Co. of Texas*, 5 F.3d 117, 118–19 (5th Cir.1993)). Defendants constitute a joint enterprise, and are liable to Plaintiff under the joint employer, single employer, and single integrated business enterprise theories.

### III.

### JURISDICTION, VENUE, AND ADMINISTRATIVE REMEDIES

6. This is a civil action seeking redress for violation of rights guaranteed to the Plaintiff pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII") in accordance with those statutes' provisions against sex/pregnancy discrimination and retaliation. More specifically, this action seeks monetary damages and all other appropriate relief to which Plaintiff is entitled to under the law on account of discrimination on the basis of sex/pregnancy and on account of retaliation for participating in activity protected under Title VII.

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §1367.

8. This action lies in the United States District Court for the Western District of Texas, Austin Division, pursuant to 28 U.S.C. § 1391(b), as the events giving rise to Plaintiff's claims occurred substantially in Travis County, Texas.

9. Plaintiff filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission (EEOC) on January 30, 2023, within 300 days of her termination on July 12, 2022. Plaintiff received a notice of the right to sue Defendant Universal Logistics of Virginia d/b/a Estes from the EEOC dated August 9, 2023, which is within 90 days of the filing of this Complaint. Plaintiff received a notice of the right to sue Defendant Applied Materials Inc. from the EEOC dated September 26, 2023, which is within 90 days of the filing of this Complaint.

## IV.

## CONDITIONS PRECEDENT

10. All conditions precedent have been performed or have occurred.

## V.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

11. Ms. Hill was hired by Defendant Applied Materials in November 2021 as a truck driver through Defendant Universal Logistics of Virginia LLC d/b/a Estes. Approximately a month after Ms. Hill started working, one of her co-workers, Jamail, began sexually harassing Ms. Hill. Jamail would say sexual things that made Ms. Hill uncomfortable, and touch Ms. Hill as well. Ms. Hill learned after 2-3 months that other female employees also had problems with Jamail sexually harassing them.

12. In March 2022, Ms. Hill notified her employer that she was pregnant. In May 2022, because of her pregnancy, Defendants demoted Ms. Hill to the position of dock worker, which meant both a $7/hour cut in pay and a reduction of Ms. Hill's work hours. Ms. Hill was also not given the proper equipment to perform the duties of a dock worker, as it is a company requirement that dock workers have a company laptop and cell phone.

13. In June 2022, the sexual harassment continued. On or around June 22, 2022, Jamail rubbed his penis against Ms. Hill's arm and back, through his clothing. Prior to that incident, Jamail would constantly rub Ms. Hill's stomach, even though Ms. Hill expressed that it made her uncomfortable.

14. On or around June 29, 2022, Ms. Hill made a report to the Applied Materials ethics team about being sexually harassed by Jamail and being discriminated against because of her pregnancy. The sexual harassment occurred on camera, and involved Jamail rubbing Ms. Hill's stomach area while Ms. Hill was pregnant, and coming up behind her and rubbing against her. Ms. Hill initially reported the sexual harassment to her manager, but he told Ms. Hill that he did not believe her and refused to provide Ms. Hill with contact information for an HR department.

15. The Applied Materials ethics representative told Ms. Hill that the manager would handle it. That evening, the employee who sexually harassed Ms. Hill called Ms. Hill on her personal cell phone and texted her, but Ms. Hill did not respond. In addition, during the next few days, numerous employees came to Ms. Hill's work area to discuss the sexual harassment complaint with Ms. Hill, although Ms. Hill had not told any of them that she had made the report.

16. After Ms. Hill reported the sexual harassment, on July 7, 2022, Ms. Hill's supervisor moved her work area to an isolated location far from where Ms. Hill could perform any of her dock worker duties. Ms. Hill had to move her own desk and belongings, and was sitting in an isolated area where Ms. Hill had no work to do except for occasionally directing people where to go.

17. On July 11, 2022, at approximately 5:20 pm, Ms. Hill spoke with Beth Gillespie, who identified herself as the Senior Executive of Operations. Ms. Gillespie told Ms. Hill that the sexual harassment allegations Ms. Hill brought to the Ethics team could not be substantiated. Ms. Hill was terminated the following day, July 12, 2022.

VI.

CAUSES OF ACTION

**COUNT ONE - DISCRIMINATION AND RETALIATION UNDER TITLE VII**

18. Plaintiff filed a charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission (EEOC) on January 30, 2023, within 300 days of her termination on July 12, 2022. Plaintiff received a notice of the right to sue Defendant Universal Logistics of Virginia d/b/a Estes from the EEOC dated August 9, 2023, which is within 90 days of the filing of this Complaint. Plaintiff received a notice of the right to sue Defendant Applied Materials Inc. from the EEOC dated September 26, 2023, which is within 90 days of the filing of this Complaint.

19. Plaintiff was an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Plaintiff was discriminated against because of her gender and pregnancy and retaliated against for opposing gender discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §2000e2(a)(1).

20. Defendants are employers within the meaning of Title VII.

21. Title VII of the Civil Rights Act of 1964 states, in pertinent part, that, "(a) It shall be an unlawful employment practice for an employer (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race,

color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

22. Defendants intentionally discriminated against Plaintiff because of her gender/pregnancy and her opposition to Defendants' discriminatory conduct in its treatment of Plaintiff.

23. Defendants intentionally discriminated against Plaintiff because of her gender (female) in violation of Title VII by subjecting Plaintiff to the events described above, including but not limited to allowing the sexual harassment of Plaintiff, demoting Plaintiff because of her pregnancy, and by terminating her employment. Defendants' decisions were motivated by Plaintiff's gender/pregnancy, and by Plaintiff's opposition to Defendants' discriminatory conduct. Plaintiff made a discrimination complaint and opposed a discriminatory practice by Defendants, and suffered adverse employment actions as a result. The unlawful practices committed by Defendants were and are a direct cause of Plaintiff's damages, as more fully set forth below.

## VII.

## DAMAGES

24. As a result of Defendants' unlawful conduct, Plaintiff has suffered economic and actual damages, including past and future lost income, back wages, interest on back pay and front pay, future wages or front pay, lost earnings in the past and future, lost benefits under the contract or employment relationship, employment benefits in the past, and employment benefits in the future.

25. Defendants intentionally engaged in an unlawful employment practice by discriminating and retaliating against Plaintiff. Plaintiff additionally brings suit for compensatory damages, including emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character and reputation, and other pecuniary and non-pecuniary losses.

26. The conduct committed by Defendants against Plaintiff is the type of conduct demonstrating malice or reckless indifference to the rights of the Plaintiff. Therefore, Plaintiff additionally brings suit for punitive damages.

## VIII.

## ATTORNEYS' FEES AND EXPERT FEES

27. A prevailing party may recover reasonable attorneys' and experts' fees under Title VII of the Civil Rights Act of 1964. Plaintiff seeks all reasonable and necessary attorneys' fees in this case from Defendants, including preparation and trial of this lawsuit, post-trial, pre-appeal legal services, and any appeals. Plaintiff additionally brings suit for expert fees and all costs associated with the prosecution of this action.

## IX.

## JURY DEMAND

28. Plaintiff demands a trial by jury of all the issues and facts in this case and tenders herewith the requisite jury fee.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

1. The Court assume jurisdiction of this cause;

2. The Court award Plaintiff damages as specified above;

    3.    The Court award Plaintiff reinstatement or, in the alternative, front pay.

    4.    The Court award Plaintiff's reasonable attorneys' and expert fees and costs;

    5.    The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.

Plaintiff further prays for any such other relief as the Court may find proper, whether at law or in equity.

    Respectfully submitted,

    THE LAW OFFICES OF KELL A. SIMON
    501 North IH-35, Suite 111
    Austin, Texas 78702
    (512) 898-9662 Telephone
    (512) 368-9144 Facsimile

    /s/ Kell A. Simon
    Kell A. Simon
    State Bar No. 24060888
    ATTORNEY FOR PLAINTIFF